IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **DEMARIO L. ROBERTSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 7:21-cv-00109-O-BP |
| | § | |
| **WICHITA FALLS POLICE** | § | |
| **DEPARTMENT,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Demario L. Robertson ("Robertson") filed a civil case on November 13, 2021. ECF No. 1. Two days later, Robertson's case was referred to the undersigned pursuant to Special Order 3. ECF No. 2. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a civil action.

B.   PARTIES

Demario L. Robertson is the plaintiff. In the complaint, Robertson lists the Wichita Falls Police Department as the lead defendant, and he also lists the Social Security Administration, Texas Workforce Commission, and Texas Department of Criminal Justice as additional defendants. ECF No. 1.

C.   LEGAL ANALYSIS

On January 28, 2022, the undersigned issued a Findings, Conclusions, and Recommendation that recommended United States District Judge Reed O'Connor dismiss the case

because Robertson had failed to pay the applicable fees or file a fully completed long-form application to proceed in forma pauperis. ECF No. 22. Subsequently, however, Robertson filed a fully completed in forma pauperis application. ECF No. 28. Thus, the Court vacated the earlier recommendation, and determined that Robertson was entitled to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1).

Thereafter, during the review of the pleadings required of a suit filed by a pauper under 28 U.S.C. § 1915(e)(2)(B), the undersigned issued an order reviewing Robertson's multiple pleadings and dismissing them without prejudice to Robertson's right to incorporate any facts and grounds for relief on a civil rights complaint form as an amended complaint. ECF No. 34. The Order also directed Robertson to file an amended complaint on or before **September 20, 2022**. The Order expressly noted that in bold type that "[f]ailure to timely file a newly completed civil-rights complaint form with any attachment pages as an amended complaint by **September 20** could result in a recommendation that this case be dismissed without prejudice for lack of prosecution without further notice." *Id.* As of this date, however, Robertson has failed to file an amended complaint. Because Robertson has wholly failed to complete and file an amended complaint, he has failed to comply with this Court's order.

Additionally, Robertson's copy of the Court's order for an amended complaint was returned to the Court marked "Return to Sender—Insufficient Address-Unable to Forward. ECF No. 37. Under the Court's local civil rules, Robertson is obligated to keep the Court apprised of his current address. *See* L.C.R. 1.1(c)(2), 83.13 & 83.14. On November 13, 2021, the Court issued a document entitled "Instructions to a Non-Prisoner *Pro Se* Plaintiff," which included the notice: "Address Change-You must notify the Court if your address changes, or your case may be dismissed….If you are not an ECF user, promptly file a written notice of address in your case."

2

ECF No. 4. Thus, Robertson also failed to comply with this requirement to keep his address current.

Finally, the Court discovered that Robertson had repeatedly filed documents through the Court's emergency filing e-Mail system available to registered users of the Court's e-filing system, even though he was not a registered user of the Court's e-filing system. Thus, the Court also informed Robertson that he could not file any further documents electronically through the Court's emergency filing system. ECF 38. That Order also took care to note that to ensure Robertson received a copy of the Order, the clerk of Court was directed to send a copy to email address demarior50@gmail.com. *Id*. The Order further directed that Robertson would have until **September 26, 2022**, to either file a Notice of Change of Address listing his current address of record, or file a document showing cause why all of his claims in this case should not be dismissed without prejudice for lack of prosecution. *Id*. That Order also provided that "[f]ailure to respond to this Order could result in the dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b)." *Id.* at 2-3.

Instead of complying with the Court's order, Robertson again filed a document using the Court's emergency filing procedures that listed only the same mail address already on file, and he failed to show cause why all of his claims should not be dismissed. ECF No. 39. Instead, at the end of the document, Robertson wrote:

> Notice of address change has been quite tricky as to award sense for delivery of these pleadings. Message has been sent to the **United States District Court** for **1000 Lamar St. Wichita Falls, TX, 76301** being my nailing address also there is a need for Motion to vacate for tenant living in the **Property ID 142873** stated in case filed. I **DEMARIO L. ROBERTSON** prayed that any motion filed in the **UNITED STATES DISTRICT COURT** be excused as to the filing of ECF filings without admission to the lawyer litigator necessity of professionalism.

ECF No. 39 at 2.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-31 (1962).

Robertson has failed to keep the Court apprised of a viable current address, as required by the local civil rules, *see* L.C.R. 83.13 and 83.14, and in direct conflict with the instructions provided to him. He failed to timely file an amended complaint as ordered by the Court. He has also failed to stop filing documents through the Court's emergency filing system. Thus, these repeated failures to comply with this Court's order, in spite of the repeated warnings that the case could be subject to dismissal under Federal Rule of Civil Procedure 41(b), must result in a recommendation that the case be dismissed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that all of Robertson's claims be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

4

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 20, 2022.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Hal R. Ray, Jr.
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE